**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMI NEIBERGER *et al*., | |
| Plaintiffs, | |
| v. | Case No. 1:16-cv-02193-EGS |
| ISLAMIC REPUBLIC OF IRAN, | |
| Defendants. | |

## PLAINTIFFS' STATUS REPORT AS TO EVIDENCE COLLECTION EFFORTS

In light of the Clerk's Entry of Default as to the Defendant, the Islamic Republic of Iran ("Iran" or "Defendant"), ECF No. 66, Plaintiffs respectfully submit this status report.

### I.     Overview

Plaintiffs are forty U.S. nationals who were killed or wounded, or whose relatives were killed or wounded, by Iran and/or its agents in Iraq from 2006 to 2009.  Plaintiffs allege that Iran provided material support and resources for each of the attacks at issue in the Complaint.  ECF No. 1.  Plaintiffs propose satisfying their burden for obtaining a default judgment under 28 U.S.C. § 1605A by conducting an evidentiary hearing on the attacks at issue.  At the hearing, Plaintiffs propose presenting evidence relevant to Iran's support for terrorist attacks generally and specific evidence about each attack at issue in the Complaint, as well as the damages suffered as a result.

Plaintiffs have been diligently gathering evidence regarding the attacks and the relevant damages for use in this anticipated hearing, but several important responses from the U.S. Government remain outstanding, including several in current litigation relating to multiple Freedom of Information Act ("FOIA") suits filed by undersigned counsel and detailed *infra*.

## II.     Government Records

Starting in early 2019, Plaintiffs began to seek information from various government agencies relating to the attacks at issue and the resulting damages through numerous FOIA Requests.  Plaintiffs' counsel made requests to seven government agencies believed to be in possession of relevant documents.  Where required due to the government's failure to respond timely, Plaintiffs have sought to compel compliance with FOIA's production requirements by pursuing litigation.  To date, this litigation has resulted in a series of documentary productions, which have included records essential to Plaintiffs' case.  Plaintiffs still await receipt of several significant productions expected to contain evidence Plaintiffs will seek to admit at its evidentiary hearing.  Plaintiffs will provide the Court with regular updates regarding the status of these efforts, but provide here a summary of the FOIA efforts with each of the relevant agencies to date.

Between March 2019 and September 2020, Plaintiffs' counsel submitted targeted FOIA requests for information relating to the deaths or injuries of each of the ten attack victims at issue in the Complaint to the U.S. Central Command ("CENTCOM"), U.S. Army Central ("ARCENT"), Naval Surface Warfare Center ("NSWC"), Defense Health Agency ("DHA"), Federal Bureau of Investigation ("FBI"), and U.S. Department of State ("State Department").  Each of these agencies failed to meet its 30-working-day statutory deadline for making adequate determinations and/or productions under FOIA, in some cases surpassing its FOIA deadline by well over a year.  As such, Plaintiffs were forced to bring FOIA actions in this District in July and September 2020 to compel each of the agencies to produce records, as is required by FOIA.  *See Willkie Farr & Gallagher LLP et al. v. United States Central Command J6-RDF*, Case No. 1:20-cv-01983-RBW; *Willkie Farr & Gallagher LLP v. United States Army Central*, Case No. 1:20-cv-02554-CRC; *Willkie Farr & Gallagher LLP v. Naval Surface Warfare Center Indian Head Technology*

*Division*, Case No. 1:20-cv-02556-KBJ; *Willkie Farr & Gallagher LLP v. Defense Health Agency*, Case No. 1:20-cv-02557-TJK; *Willkie Farr & Gallagher LLP v. Federal Bureau of Investigation*, Case No. 1:20-cv-02558-ABJ; *Willkie Farr & Gallagher LLP v. Department of State*, Case No. 1:20-cv-02559-RBW.

Each of these lawsuits is ongoing, and Plaintiffs' counsel continue to meet and confer with the subject agencies to seek the needed records subject to release under FOIA. Plaintiffs have received numerous requested records, but substantial work remains for each agency to complete its review and/or productions:

- CENTCOM has produced a limited number of documents and is still completing its searches for responsive documents for six of Plaintiffs' requests. Going forward, CENTCOM has agreed to process 500 pages for production every 60 days. Plaintiffs are working with CENTCOM to narrow their requests, such that the production timeline can be efficiently streamlined. The parties' next joint status report is due on February 11, 2021.

- ARCENT issued final determinations and produced records responsive to five of Plaintiffs' requests and has informed Plaintiffs that it has no responsive records as to Plaintiffs' remaining three requests. The parties intend to further meet and confer to resolve outstanding issues as to ARCENT's final determinations and to evaluate the adequacy of ARCENT's search methodology. The parties' next joint status report is due on January 22, 2021.

- NSWC has yet to provide any documents responsive to Plaintiffs' requests, yet informed Plaintiffs on December 18, 2020, it believed it lacked the classification authority to release the responsive documents and had thus forwarded the documents to CENTCOM for consultation. The same email indicated that CENTCOM had informed NSWC that CENTCOM would not be able to issue a response until at least January 1, 2021. NSWC expressed its intention to keep Plaintiffs informed on the status of the requests on a weekly basis and the parties submitted a joint status report to the Court on December 23, 2020 providing an update and requesting additional time to meet and confer pending NSWC's final production.

- DHA has located records for six of the individuals identified in Plaintiffs' requests and is verifying whether there will be any need for redactions. The parties are currently conferring as to whether these documents require individualized waivers from the attack victims' next of kin, or whether they may be produced subject to a protective order. The parties' next joint status report is due on January 10, 2021.

- The FBI has yet to provide any documents responsive to Plaintiffs' requests, but has advised Plaintiffs' counsel that it is conducting additional searches for responsive records

to Plaintiffs' requests.  The FBI found no records for four of the six individuals identified in Plaintiffs' requests and Plaintiffs are working to acquire third-party waivers that will allow the FBI to complete searches for the remaining two individuals.  The FBI additionally has completed searches with the Terrorist Explosive Device Analytical Center ("TEDAC") that yielded no results, and the parties are currently conferring to evaluate the adequacy of the FBI's search methodology.   The parties' next joint status report is due on January 19, 2021.

- The State Department has yet to provide any documents responsive to Plaintiffs' requests, yet has advised Plaintiffs that it has begun searching its systems for records pertaining to the requests and that, although COVID-19-related issues have delayed the production process, it anticipates making an initial production no later than January 11, 2021.  The parties' next joint status report is due no later than January 19, 2021.

Given the substantial delays in the subject agencies' FOIA compliance, Plaintiffs expect to have all necessary records from its requests no later than April 2021.

In addition to the above-mentioned FOIA requests, Plaintiffs are in the process of completing certain records requests to government agencies relevant to damages. These records include the Standard Form 180 Request Pertaining to Military Records (U.S. Army), AFMES Form 3 Request for Autopsy Report and Supplemental Information (Armed Forces Medical Examiner System), and the DD Form 2870 Authorization for Disclosure of Medical or Dental Information (Department of Defense).  Plaintiffs expect that all documentation relating to these requests will be submitted by February 2021.

## III.    Expert Reports

Plaintiffs intend to use the evidence they are currently collecting to supplement their expert report from Daveed Gartenstein-Ross, a world-renowned counter-terrorism scholar, analyst, and strategist with extensive familiarity with the underlying conflict that gave rise to the attacks at issue.  Mr. Gartenstein-Ross will opine on the conclusions that can be drawn from each attack's evidence regarding Iranian attribution, material support, and proximate causation.  Plaintiffs' counsel have provided Mr. Gartenstein-Ross the relevant materials collected to date on the attacks at issue and he has begun preparing his expert report.

Mr. Gartenstein-Ross's timeline to complete his analysis of each attack at issue depends, in part, on when the government satisfies its obligations to produce the attack-related documents subject to FOIA litigation described above.  In light of the current state and expected completion of Plaintiffs' evidence collection efforts, Plaintiffs' counsel anticipate that Mr. Gartenstein-Ross will be able to complete his expert report by May 2021.

## IV.     Third-Party Documents

At this time, and given the state of Plaintiffs' evidence collection efforts, Plaintiffs do not yet require the Court's permission to subpoena any of the aforementioned agencies for information.  Plaintiffs' counsel remain hopeful that the issues regarding outstanding productions will be resolved in the coming months.  However, after reviewing the contents of future productions, Plaintiffs' counsel may determine that it is necessary to request permission to subpoena relevant parties, and reserve the right to make such a request should that need arise.

Plaintiffs' counsel do not currently believe that third-party subpoenas are required to solicit relevant information from non-governmental entities, as all relevant third-parties have thus far willingly provided any information in their possession.  Plaintiff's counsel are actively conducting interviews of third-party witnesses and making efforts to obtain affidavits from them where possible.

## V.     Proposal

At this time, Plaintiffs believe that the issues of causation and damages would be best handled in a single hearing.  Holding a single rather than multiple hearings will enable Plaintiffs to testify on points relevant to both issues without making multiple trips to and from the District that will be physically and emotionally taxing.  Further, Plaintiffs believe that a significant portion of the evidence regarding both issues will overlap (*e.g.*, autopsy and casualty reports showing

Iranian-attributable munitions, military award packets that describe the attacks and injuries, etc. will all likely bear upon both causation and damages).  As such, Plaintiffs respectfully request the Court's leave to continue collecting evidence relating to both causation and damages and subsequently make a single presentation to the Court on both issues.  Given the foregoing description of Plaintiffs' current evidence collection efforts and Plaintiffs' current expectations that these efforts will come to a close in April 2021, Plaintiffs believe they will be prepared to file a Motion for Default on both legal issues in or around May 2021, at which point in time, Plaintiffs would request a default hearing before the Court.

Dated:  January 5, 2021

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Michael J. Gottlieb*
Michael J. Gottlieb (D.C. Bar No. 974960)
Nicholas Reddick (D.C. Bar No. 1670683)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
Tel: (202) 303-1000
Fax: (202) 303-2000
MGottlieb@willkie.com
NReddick@willkie.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 535
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

<div align="right">

*/s/ Michael J. Gottlieb*
Michael J. Gottlieb

</div>